ITEM CO., LTD., v. CODIFER & BONNABEL, INC.

(January 11, 1932. Opinion and Decree.)

Deutsch & Kerrigan and Bert Flanders, Jr., of New Orleans, attorneys for plaintiff, appellee.

Fred C. Querens, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This is a suit on an advertising contract for the sum of $130. There was judgment below as prayed for and defendant has appealed.

The Item Company, Ltd., plaintiff herein, is the publisher of a morning and evening newspaper in the city of New Orleans. It entered into a contract with Codifer & Bonnabel, Inc., defendant herein, to run certain advertising matter to be supplied by defendant for a certain period of time.

The advertisement as it appeared in plaintiff's newspaper was as follows:

"Opportunity Awaits You in
LINDBERGH GLEN ANNEX
AT SLIDELL
Lots 70x630—Titles Guaranteed,
$250.00 Each—On E-Z Terms
CODIFER DEVELOPMENT CO.,
107 Balter Bldg.      Ra. 3711."

When demand was made for settlement, the secretary of defendant company at first agreed to pay upon a definite date, handing plaintiff's collector a written promise, reading as follows:

"Mr. Credit Man:
"This account will be paid on October 20, 1929.
"Signed T. R. Codifer."

The bill was not paid and this suit was subsequently filed. It is defended upon the ground that the advertising, though printed in accordance with the terms of the contract, did not bear the name of Codifer & Bonnabel, Inc., defendant herein, but the name of Codifer Development Company, which, it is pointed out, is a different corporation.

It appears that Codifer & Bonnabel, Inc., and the Codifer Development Co. are both engaged in the exploitation and sale of certain rural property in St. Tammany parish. The officers of the two corporations are practically the same. Their headquarters are in the same building, the same room in fact, and the telephone number is the same. The secretary of one corporation is the secretary of the other, a situation which is calculated to deceive anyone who may have any business transactions with either corporation. But, of course, a creditor of one corporation cannot demand payment of its debt from the other simply because of the difficulty in distinguishing one from the other.

Here, however, Codifer & Bonnabel, Inc., entered into the contract with plaintiff and supplied the advertising matter and the fact that the advertisement did not bear the name of that corporation is immaterial. We are convinced that the advertising supplied by defendant was for use in connection with its contract and was selected by officers of that corporation for that purpose. We are confirmed in this view by the fact that the subject of the advertising "Lindbergh Glen Annex" is admittedly owned by defendant corporation and not by the Codifer Development Company, whose name appears in the advertisement.

This evidently was the view of the trial court and we are of the opinion that its judgment was correct.

For the reasons assigned the judgment appealed from is affirmed.